# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO RENGEL,<br>           Petitioner,<br>   v.<br>WARDEN,<br>           Respondent. | NO. CV 18-1605-DOC (KS)<br><br>**ORDER: DISMISSING CASE WITHOUT PREJUDICE** |

## INTRODUCTION

On February 27, 2018, Petitioner, a California state prisoner proceeding *pro se*, filed a Request for Extension of Time to File a state habeas petition pursuant to 28 U.S.C. § 2254 in the Central District of California. (Dkt. No. 1). Petitioner did not file a petition, only a request for additional time to file. On March 8, 2018, the Court issued an Order denying Petitioner's request for an extension of time to file a habeas petition because the Court has no authority to grant extensions to the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations imposed by Congress. (Dkt. No. 3.) The Court advised Petitioner that "absent tolling, he has until March 15, 2018 to file a federal habeas petition without it being time-barred." (Dkt. No. 3 at 2.) On March 26, 2018, Petitioner filed a

1

second letter with the Court that appears to make an argument that Petitioner should be entitled to equitable tolling such that his petition should not be time-barred. (Dkt. No. 4.) Petitioner has not filed a petition with evidence demonstrating that he is entitled to equitable tolling.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions "if the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)(citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Petitioner has not filed a petition, so there is no operative pleading for the court to rule upon. Petitioner has failed to comply with the Court's March 8, 2018 Order by not filing a petition, which hinders the Court's ability to move the case toward disposition. Without a petition, there is also no means of managing the Court's docket other than dismissing this case. Accordingly, these two factors weigh in favor of dismissal.

The third factor – prejudice to Respondent – also counsels in favor of dismissal. "Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." *Crown v. Parker*, 462 U.S. 345, 352

(1983)(citations omitted). In this case, Respondent has not been served with the petition because there is no petition. Petitioner is asking the Court to grant an extension of time to file a petition after the statute of limitations period appears to have expired. That defeats the purpose of the statute of limitations regarding Respondent's notice of adverse claims. While Petitioner may be entitled to equitable tolling based on the circumstances surrounding his case, the Court cannot find that equitable tolling is warranted without allowing Respondent to have an opportunity to file a motion to dismiss arguing why equitable tolling is not warranted in this case. Respondent cannot file a motion to dismiss on a petition that has not been filed. Accordingly, Respondent would be prejudiced by Petitioner's attempt to toll the statute of limitations without giving proper notice and an opportunity to respond and this factor weighs in favor of dismissing this action.

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by advising Petitioner to file a petition. Petitioner declined to do so, despite being expressly cautioned that his failure to do so may result in his claims being time-barred. Thus, the Court has explored its only meaningful alternative to dismissal and found that it was not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are no longer appropriate.

Even the fifth factor, the general policy favoring resolution of cases on the merits, favors dismissal in this case because no merits have been brought before the Court. It is the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). In view of Petitioner's failure to file a petition, it does not appear that the Court's retention of the case would increase the likelihood that the

matter would be resolved on its merits. Accordingly, the case should be DISMISSED without prejudice for failure to prosecute and failure to comply with Court orders.

**CONCLUSION**

For the foregoing reasons, the above captioned matter is dismissed without prejudice; and Judgment shall be entered accordingly. IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

As required by Fed. R. Civ. P. 58(a)(1), final judgment will be issued separately.

DATED: April 9, 2018

                                                DAVID O. CARTER
                                   UNITED STATES DISTRICT JUDGE

Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE